12-1795-cv
Pungitore v. Barbera

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand twelve.

Present:
　　　　ROBERT A. KATZMANN,
　　　　BARRINGTON D. PARKER,
　　　　RICHARD C. WESLEY,
　　　　　　　　*Circuit Judges.*

─────────────────────────────────

SUSAN PUNGITORE, Individually and on
Behalf of her Minor Child "SP",

　　　　*Plaintiff-Appellant*

　　　　　　v.　　　　　　　　　　　　　　　　No.　12-1795-cv

JUDY BARBERA, as Assistant Superintendent
of Schools and Individually, DR. DOUGLAS
ADAMS, as Superintendent of Schools, and
RAMAPO CENTRAL SCHOOL DISTRICT,

　　　　*Defendants-Appellees*

─────────────────────────────────

For Plaintiff-Appellant:　　　PATRICIA FINN, Piermont, N.Y.

For Defendants-Appellees:　　GREGG T. JOHNSON, Lemire Johnson, LLC, Malta, N.Y.

Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Susan Pungitore ("Pungitore") appeals the March 30, 2012, judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*) dismissing her claim that Defendants-Appellees Ramapo Central School District ("the District"), Assistant Superintendent Judy Barbera ("Barbera"), and Superintendent Douglas Adams discriminated against her daughter SP on the basis of gender. Pungitore sued the defendants under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.*, alleging that the District refused to move SP from a single-accelerated math course to a double-accelerated math course in the middle of the school year because of her gender. The math course in question was taught by a male, Mr. Brian Schwartz ("Schwartz"), and all of its students were boys. SP was not allowed into the course for the 2010-2011 academic year but completed the course work independently. She was placed in a double accelerated math course for the 2011-2012 term.

Pungitore sought compensatory damages, punitive damages, and a permanent injunction prohibiting the defendants from discriminating against SP and other female students. The district court dismissed Pungitore's claims for injunctive relief under Federal Rule of Civil Procedure 12(b)(1) for lack of standing and her claim for damages under Rule 12(b)(6) for failure to state a claim that could plausibly entitle her to relief. We assume the parties' familiarity with the remaining facts and procedural history of the case, as well as the issues on appeal.

2

We first consider Pungitore's contention that the district court erred in dismissing her claims for injunctive relief. We review the district court's conclusion *de novo*, *Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010), and agree that Pungitore lacks standing. While Pungitore has standing with respect to her damages claim, a plaintiff must demonstrate standing separately for each form of relief sought. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Standing requires, *inter alia*, that the plaintiff show an "actual or imminent" injury in fact, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted), and when seeking prospective injunctive relief, the plaintiff must prove the likelihood of *future* or *continuing* harm, *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Although past wrongs may serve as "evidence bearing on 'whether there is a real and immediate threat of repeated injury,'" such evidence "'does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Id.* at 102 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). Here, there is no present injury because SP has already been placed in a double-accelerated math class, and, despite Pungitore's protestations, there is no indication that the District is likely to rescind SP's placement or discriminate against her in the future. There is simply not a "sufficient likelihood that [SP] will again be wronged in a similar way," *id.* at 111, and, therefore, no standing to pursue injunctive relief.

Pungitore also contends that the district court erred by dismissing her damages claims under Rule 12(b)(6). The dismissal of a case for failure to state a claim is reviewed *de novo*, *Chase Group Alliance LLC v. City of New York Department of Finance*, 620 F.3d 146, 150 (2d Cir. 2010), and, like the district court, we must "confine [our] consideration to facts stated on the

3

face of the complaint, in documents appended to the complaint or incorporated . . . by reference, and to matters of which judicial notice may be taken," *Leonard F. v. Israel Discount Bank*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted). The Supreme Court has established a two-step process for determining whether a plaintiff has pled sufficient facts to overcome a motion to dismiss. A court must first ignore "mere conclusory statements" or legal conclusions, which are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Then, assuming the veracity of the remaining facts, "a complaint must contain sufficient factual matter . . . to 'state a claim [for] relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Id*. (emphasis added). While this plausibility standard is not "akin to a 'probability requirement,'" it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Pleading facts that are "'merely consistent with' a defendant's liability" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving [federal funds]," subject to certain limited exceptions. 20 U.S.C. § 1681(a). Title IX claims alleging disparate treatment based on gender are informed by racial discrimination claims under Title VI. *See Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir. 1994). Therefore, under either statute, a plaintiff must show that: (1) the defendant was discriminated against, (2) the discrimination was intentional, and (3) the discrimination was a "motivating factor" in the defendant's actions. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001).

4

Here, Pungitore must plead facts supporting a plausible inference that gender bias was a motivating factor in the District's decision to deny SP's request to transfer into the double-accelerated math class. She makes numerous conclusory allegations of discrimination that we must refuse to credit, and we find that her non-conclusory factual allegations do not move her complaint "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The comments made by Schwartz, on which Pungitore heavily relies, simply do not give rise to a reasonable inference that he was motivated by discriminatory animus. While Schwartz's alleged conduct, if it occurred, was undoubtedly unprofessional, we fail to see how his statements show more than the slimmest possibility that his actions were actually motivated by SP's gender, and, as *Iqbal* and *Twombly* make clear, a mere possibility is insufficient to state a plausible claim for relief. Moreover, the fact that Barbera had at least tentatively denied the transfer request before SP attended Schwartz's class because Barbera "did not feel [the double-accelerated class] was a viable option" for *any* students in SP's current class, *see* J. App'x at 13, significantly undermines the proposed inference of discrimination. Indeed, Pungitore offers no more than conclusory accusations that any District employee other than Schwartz, including Barbera, acted in a discriminatory manner. Pungitore is, of course, correct that the double-accelerated math class was comprised of only males; however, that fact, without more, is "'merely consistent with' [the] defendant[s'] liability," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), and hardly establishes a plausible inference of discrimination.[1]

---

[1] We recognize that Pungitore's complaint also alleges that "less qualified male students had been placed" in the double-accelerated math class. J. App'x at 16. However, given the lack of any alleged facts supporting this conclusory assertion, we need not afford it the presumption of truth under *Iqbal* and *Twombly*. We do not, however, express a view on whether Pungitore could have asked the district court for leave to amend her complaint to provide more detailed factual allegations that support this conclusory statement.

We have considered Pungitore's remaining arguments and find them to be without merit.

Therefore, for the foregoing reasons, district court properly dismissed Pungitore's suit for lack of

standing and failure to state a claim.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
